*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 20, 2016

**BY HAND & ECF**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:    *United States* v. *Sean Stewart*,
              S1 15 Cr. 287 (LTS)

Dear Judge Swain:

       The Government respectfully submits this letter in opposition to the defendant's letter motion, pursuant to Federal Rule of Evidence 806, to introduce as purported "impeachment" evidence the post-arrest statement of Robert Stewart (the "Post-Arrest Statement").

       The Government's position with respect to the Post-Arrest Statement is set forth in its letter of July 19, 2016.  In sum, the Post-Arrest Statement is not admissible under Rule 806 because it is not being offered to show that Robert Stewart is *lying* at any point during the March 24, 2015 recording (the "March Recording"), which contains the out-of-court statements the Post-Arrest Statement allegedly is being offered to impeach.  The law simply does not permit a party to offer as "impeachment" under Rule 806 an out-of-court statement of the declarant which seeks to explain away, interpret, mitigate, or add color to the properly-adduced hearsay statement, or to rebut a Government interpretation of the properly-adduced statement.  What it permits is the introduction of an inconsistent statement.  There is none here.

       The defense's argument in support of its motion only confirms that the Post-Arrest Statement is being offered for an improper purpose.  The crux of that argument is as follows: "Robert's post-arrest statement (1) denies that Sean Stewart made [the "silver platter"] statement at all and (2) directly refutes the government's interpretation of the statement." (Def. Jul. 19 Ltr. at 7).  The first of these assertions is simply incorrect.  The two statements from the Post-Arrest Statement that the defense quotes at page 7 of its letter do *not* deny that the defendant stated, "I handed this to you on a silver platter and you didn't invest in it."  As the Court will observe in reviewing the video of the Post-Arrest Statement, in both instances Robert Stewart is confronted with the "silver platter" comment, does not deny that the defendant made that statement, and then offers additional color and/or explanation surrounding the defendant's comment.[1]

---

[1] It should go without saying that even if these two statements were inconsistent with the March Recording, the defense would not be permitted to then play *all* of the Post-Arrest Statement, but

The second defense assertion belies the defense's true purpose here; it is offering these statements to "refute[] the government's *interpretation* of the ['silver platter'] statement." (Def. Jul. 19 Ltr. at 7 (emphasis added)). To be clear, the Government has never denied that Robert Stewart's efforts upon arrest to dull the effect of the admissions he made about his son to Cunniffe on the March Recording would, if accepted as true, be inconsistent with the Government's theory of the case and its arguments regarding the March Recording. But that is not the question under Rule 806. To the contrary, as the controlling authorities cited by the Government in its July 19 letter make plain, Rule 806 does not permit introduction of out-of-court statements to refute the Government's "interpretation," argument, or theory regarding an admissible hearsay statement. *See also United States* v. *Ebbers*, 458 F.3d 11, 123-24 (2d Cir. 2006); *United States* v. *Trzaska*, 111 F.3d 1019, 1024-25 (2d Cir. 1997); *see also, e.g.*, *United States* v. *Hunt*, 521 F.3d 636, 644 (6th Cir. 2008); *United States* v. *Rodriguez*, 259 F. App'x 270, 274-75 (11th Cir. 2007) (summary order). It only allows introduction of statements that are inconsistent with the words of the admissible hearsay statement. Because there is no inconsistency here, the defense cannot use Rule 806 to try to place before the jury the after-the-fact rationalizations Robert Stewart tried to offer the FBI.

Finally, the defense does not address the recordings made on April 16, 2015 and May 4, 2015. In its own July 19 letter, the Government had explained that it should be permitted to introduce those recordings as substantive evidence, had noted the defense's objection to that proposed course of action, and had proposed to forego introducing those recordings in its case in chief on the condition that the defense could not then use them or any portion of them during cross-examination or during its own case. The defense does not respond to this proposal at all, and nor does it disagree with the Government's arguments that the recordings are admissible. The Government thus intends to introduce the recordings in its case in chief, and should be permitted to do so, unless the defense agrees to proceed as suggested in our July 19 letter.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney


      by: __/s/_____
        Sarah Eddy McCallum/Brooke E. Cucinella
        Assistant United States Attorneys
        (212) 637-1033/2477

cc (by email): Mark Gombiner, Esq.
      Martin Cohen, Esq.

---

only those two statements, which relate to the "silver platter" comment. Although the defense also asserts an inconsistency between the words of the Post-Arrest Statement and a portion of the recording from April 16, 2015 (*see* Def. Jul. 19 Ltr. at 2), it quite tellingly does not specify precisely what the inconsistency is, and no inconsistency in truth exists.