**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 22, 2016

**BY HAND & ECF**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:   *United States* **v.** *Sean Stewart*,
            **S1 15 Cr. 287 (LTS)**

Dear Judge Swain:

     The Government respectfully submits this letter in response to the defendant's July 21, 2016 motion *in limine* to permit the defense to elicit Robert Stewart's post-arrest statement by means of purported "impeachment" of Special Agent Eric Burns, who may testify at trial.  The proposed course of action would be highly improper, for the following reasons.

     *First*, the report the defense intends to use for this "impeachment" was prepared not by Agent Burns but by his colleague, Special Agent Matthew Callahan, who was present for Robert Stewart's post-arrest interview but is not the case agent on this matter.  This should have been evident to the defense, since the report was identified and produced as 3500 material for Agent Callahan and not for Agent Burns.  In any event, the fact that Agent Burns did not author the report at issue alone defeats the defense's motion.

     *Second*, to the extent the defense intends to use the report to impeach Agent Callahan, who is expected to testify early in the trial, that would also be highly improper.  Agent Callahan—who, as noted, was not the case agent on this matter—will be testifying for the limited purposes of introducing the audiotapes and some accompanying photographs of two meetings and a phone call between Richard Cunniffe and Robert Stewart, and introducing certain summary trading charts that he prepared.  Agent Callahan will not be testifying about Robert Stewart's post-arrest statement, and any effort to "impeach" his testimony about uncontroverted trading records and the logistics of securing recordings with a report concerning events not discussed on direct examination would unquestionably be beyond the scope of permissible cross-examination.

     *Finally*, and relatedly, the defense is simply wrong that the report gives reason to doubt the integrity of the "investigation" generally.  The report, which is very short and essentially summarizes Robert Stewart's confession of his own crimes, specifically states that it "is not intended to be a verbatim account and does not memorialize all statements made during the interview."  That is because, as the report notes, the entire interview *was recorded*.  The notion

that Agent Callahan, or anyone involved in the investigation, was trying to hide anything is preposterous in light of the existence of the recording, which captures, in audio and video, the entirety of the 40-minute encounter.

          Respectfully submitted,

          PREET BHARARA
          United States Attorney

by: __/s/_____
     Sarah Eddy McCallum/Brooke E. Cucinella
     Assistant United States Attorneys
     (212) 637-1033/2477

cc (by email): Mark Gombiner, Esq.
                 Martin Cohen, Esq.