**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

July 22, 2016

*By ECF*

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re:   *United States v. Sean Stewart*
      **15 Cr. 287 (LTS)**

Dear Judge Swain:

We write in reply to the government's July 22 opposition to Mr. Stewart's motion concerning the omission of multiple exculpatory statements in an official investigatory report.[1]

*First*, the report states that it is *by* Agents "Callahan Matthew Thomas" *and* "SA Eric Robert Burns." Both agents are listed as drafters of the report. Moreover, Agent Burns, the case agent on the investigation and the questioner of Robert Stewart during the subject interview, placed his name on the 302 and presumably reviewed and adopted the report before doing so. If, as the government now seems to contend, Agent Burns had no role in preparing the report, that also goes to his credibility, and the credibility of the overall investigation, and Mr. Stewart is entitled to question him on it. In short, if the report is "by" Agents Callahan and Burns, then we are entitled to question Agent Burns about the glaring omission in the report. If it is not "by" Agent Burns, we are entitled to inquire why his name was given as a drafter of the report.

*Second*, we intend to cross-examine both Agent Callahan and Agent Burns on their omission of exculpatory statements in their co-signed 302.[2] Both were present for the interview and heard Robert Stewart's 23 statements exculpating Sean Stewart. Both apparently made an editorial decision to omit those statements.[3] Because none of the other interviews conducted by either Agent Callahan or Burns were recorded, the defense is entitled to explore whether other aspects of the Agents' investigation was similarly affected by this apparent bias.

*Third*, Agent Callahan and Burns' disclaimer that the report "is not intended to be a

---

[1] Mr. Stewart is in receipt of this Court's ruling concerning the admissibility of Robert Stewart's post-arrest interview as a prior inconsistent statement. This letter-motion addresses a separate question entirely – Mr. Stewart's right to cross-examine witnesses as to their biases and credibility.
[2] A copy of the co-authored 302 is enclosed as Exhibit A.
[3] Or, if one accepts the government's view, one made the decision to omit it, the other approved and adopted the omission.

Honorable Laura Taylor Swain  Page 2
July 22, 2016

Re: **United States v. Sean Stewart**
    **15 Cr. 287 (LTS)**

verbatim account and does not memorialize all statements made during the interview" is not an excuse to excise each and every exculpatory statement in the purported "interview summary." We are not here dealing with omitted minor details the significance of which may be disputable. The core question both at this trial and during Agent Burns' interrogation of Robert Stewart is and was whether Sean was a knowing participant in the scheme.

The government's attempt to excuse its Agents' behavior on the grounds that the report is "very short and essentially summarizes Robert's Stewart's confession of his own crimes," Gov't Opp., at 1, is belied by the contents of the 302 itself. It contains such details about *Sean* as:

- Sean Stewart was proud of the fact that he was working on mergers and acquisitions. Ex. A, at 1.

- Sean Stewart told Robert Stewart specifics about the deals Sean Stewart worked on including the companies involved. Ex. A, at 2.

- Sean Stewart thought his parents had more money than they actually do. Ex. A, at 2.

- After the FINRA inquiry, Sean Stewart was surprised and angry at Robert Stewart. Ex. A, at 3.

Notably absent is any mention at all that Sean Stewart did not know Robert was trading, or that Robert explained that Sean had never in fact made the "silver platter" statement.

As we intend to demonstrate at trial, the investigation into Sean Stewart began with the conclusion that he was guilty of insider trading and proceeded in a manner to collect only those facts tending to support that conclusion. And Agents Burns and Callahan's—at *best*—extremely peculiar decision to omit from their 302 the most significant aspects of Robert Stewart's post-arrest statement is uniquely powerful evidence of this. Each agent is free to testify as to why they made such a peculiar decision, but it is up to the jury to decide whether to believe them. Far from being improper, this line of questioning is "always relevant as discrediting the witness and affecting the weight of his testimony." Davis v. Alaska, 415 U.S. 308, 316 (1974). Indeed, as discussed in our opening motion, the Confrontation Clause "*requires* that a criminal defendant be afforded a meaningful opportunity to cross-examine witnesses against him in order to show bias or improper motive for their testimony." Brinson v. Walker, 547 F.3d 387, 392 (2d. Cir. 2008) (emphasis added). Notably, the government cites no caselaw in opposition to our motion, relying instead on factual arguments better suited to jury assessment of the biases of the government's witnesses.

Honorable Laura Taylor Swain                                                Page 3
July 22, 2016

Re:   *United States v. Sean Stewart*
      **15 Cr. 287 (LTS)**

                                            Respectfully Submitted,

                                            Christopher B. Greene
                                            Martin Cohen
                                            Mark Gombiner
                                            Assistant Federal Defenders
                                            Tel. (212) 417-8737 / (212) 417-8718

Cc.   Sarah McCallum, Esq., by Email
      Brooke Cucinella, Esq., by Email