# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

July 22, 2016

*By ECF*

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re:   *United States v. Sean Stewart*
      **15 Cr. 287 (LTS)**

Dear Judge Swain:

    On July 20, 2016, defense counsel subpoenaed Robert Stewart to testify at his trial and to produce certain documents in his possession. **Ex. A.** By e-mail dated July 21, 2016, Robert Stewart's counsel, Jillian Berman, Esq., advised that Robert Stewart will "assert his rights" with respect to both subpoenas and that "as such, further action with respect to the subpoenas is unnecessary." **Ex. B.** The government has also advised us that they have spoken to Ms. Berman and that she has told them that Robert Stewart would invoke his Fifth Amendment privilege were he called to testify.

    We request that the Court compel Robert Stewart's testimony. Robert Stewart no longer has any Fifth Amendment privilege with respect to the subjects of the defense inquiry because he has already pled guilty and been sentenced. Mitchell v. United States, 526 U.S. 314, 325-27 (1999) (holding that Fifth Amendment privilege against self-incrimination is waived once defendant has been sentenced); United States v. Londono, 175 Fed. Appx 370 (2d Cir. 2006).

    Robert Stewart's blanket assertion of his Fifth Amendment privilege is not a sufficient basis for his refusal to testify. See United States v. Zappola, 646 F.2d 48 (2d Cir. 1981) (reversing conviction where trial court excused witness from testifying based on blanket assertion of Fifth Amendment privilege without undertaking a particularized inquiry as to whether the assertion applied to each of the prospective questions).

    Sean Stewart is "entitled to every assistance which the Court can give" in compelling the testimony of Robert Stewart. United States v. Sanchez, 459 F.2d 100, 103 (2d Cir. 1972). Robert Stewart's testimony is particularly crucial in light of Robert Stewart's hearsay statements that the government intends to elicit.

    Accordingly, we request the Court direct Robert Stewart to comply with the defense subpoena to testify at trial. If Robert Stewart declines to comply, we request the Court conduct a

Honorable Laura Taylor Swain  Page 2
July 22, 2016

**Re:** *United States v. Sean Stewart*
**15 Cr. 287 (LTS)**

hearing to determine whether he has any valid Fifth Amendment privilege that would exempt from testifying.

Respectfully Submitted,

Mark Gombiner
Martin Cohen
Christopher B. Greene
Assistant Federal Defenders
Tel. (212) 417-8737 / (212) 417-8718

Cc.  Sarah McCallum, Esq., by Email
Brooke Cucinella, Esq., by Email
Jillian Berman, Esq.