*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 23, 2016

**BY HAND & ECF**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:    *United States* **v.** *Sean Stewart*,
            **S1 15 Cr. 287 (LTS)**

Dear Judge Swain:

      The Government respectfully submits this letter in connection with the defendant's July 21, 2016 motion *in limine* seeking to "impeach" Special Agent Eric Burns and Special Agent Matthew Callahan by using one or both of them to put before the jury statements made by Robert Stewart during his post-arrest interview, which was videotaped and recorded in its entirety. The hook offered for this supposed "impeachment" is that the written summary of that interview (the "Summary") failed to report certain false exculpatory statements made by Robert Stewart during the interview.

      In briefing this motion, the defense asserted that it had received the Summary on July 20, 2016, and the Government asserted that the Summary had been marked as 3500 material for Agent Callahan alone, and not for Agent Burns. Both parties were mistaken. The Summary was produced—along with the underlying handwritten notes—on July 1, 2016 as 3500 material for Agent Burns, not because he authored the report (he did not), but because he was present for the interview. Agent Burns also reviewed the report around the time it was made. On July 20, 2016, the same report was reproduced as 3500 for Agent Callahan.

      In any event, questioning either agent about statements that Robert Stewart made during his post-arrest interview would be highly improper. Neither agent will be testifying about Robert Stewart's interview, so neither will make statements or representations contradicted by Robert Stewart's recorded statements. Nor is there any merit to the suggestion that either agent's credibility can properly be impugned based on the Summary. These agents of course were fully aware that the interview was being recorded; they are the ones who arranged for the recording. The notion that either of them was trying to hide anything through the Summary—which on its face refers to the recording and makes plain that the writing therefore does not purport to be

complete—is preposterous. The Court should not countenance this effort to smuggle patently inadmissible hearsay before the jury.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: __/s/_____
Sarah Eddy McCallum/Brooke E. Cucinella
Assistant United States Attorneys
(212) 637-1033/2477

cc (by email): Mark Gombiner, Esq.
Martin Cohen, Esq.