# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
Executive Director

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

July 24, 2016

*By ECF*

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re:   *United States v. Sean Stewart*
      15 Cr. 287 (LTS)

Dear Judge Swain:

We write in response to the government's July 23 letter and to apprise the Court of additional information defense counsel have learned concerning Agent Burns and Callahan's biased investigatory practices.

The government now attempts to justify its Agents' omission of everything Robert Stewart said about Sean's ignorance of the scheme (spanning 23 separate exculpatory statements) on the grounds that they believed they were false. This is precisely why it is critical that we be entitled to cross examine Agents Callahan and Burns about this approach. The fact that they chose to exclude from their investigative summary statements they did not believe is powerful evidence of a biased investigative approach.

The government further argues that "the notion that either of them was trying to hide anything through the Summary . . . is preposterous" because the interview was videotaped. Not so. There must have been an investigative purpose for documenting *some* of Robert Stewart's statements in a 302. Otherwise, Agents Callahan and Burns could have simply identified where in the investigation file the video could be found. They did not do that. Instead, they distilled the 45 minute video into an extremely misleading three page official investigative summary for reasons we are entitled to explore. One of the defense theories is that the case was investigated in a biased manner. This decision to summarize only parts, and only the "helpful" parts, of the interview, is uniquely powerful evidence of that theory. Precluding Mr. Stewart from questioning the government's primary investigators on this topic would deprive him of his constitutional right to present a defense.

The government then tries to excuse its Agents' omission of significant, exculpatory information from an official investigative summary by gesturing towards the summary's disclaimer that it "does not purport to be complete." Had Agent Callahan omitted a fact of debatable significance, perhaps the 302's boilerplate disclaimer would have been sufficient. But

Honorable Laura Taylor Swain                                                    Page 2
July 24, 2016

**Re:**   *United States v. Sean Stewart*
         **15 Cr. 287 (LTS)**

the omitted facts were not of debatable significance. They were the most significant statements made during the interview—statements Agent Burns himself believed were of the greatest importance given his repeated attempts to elicit an answer that suited his theory. The boilerplate disclaimer gives the reader no reason to believe that such significant material was omitted.

Finally, since filing our opening motion, we have discovered additional evidence of the FBI's biased investigatory practices: Agent Callahan's handwritten notes that underlie the 302 purporting to summarize Robert Stewart's post-arrest interview. The notes are enclosed as Exhibit A. In those handwritten notes—which lack any mention of Robert Stewart's repeated exculpatory statements concerning Sean's ignorance of the scheme—Agent Callahan does include that Robert Stewart provided a different version of the so-called "silver platter" statement than what was recorded during the March 24 meeting with Richard Cunniffe. However, Agent Callahan's *official* investigatory summary of the interview omitted the exculpatory version of the silver platter statement entirely. The result is a 302 totally sanitized of all exculpatory information.

Mr. Stewart must be allowed to question both Agents Callahan and Burns[1] as to how an interview replete with exculpatory statements was first turned into handwritten notes identifying just one, and then put into official summary form containing only the government's preferred content. The Confrontation Clause requires it. Brinson v. Walker, 547 F.3d 387 (2d. Cir. 2008).

                                        Respectfully Submitted,

                                        [signature]
                                        Christopher B. Greene
                                        Martin Cohen
                                        Mark Gombiner
                                        Assistant Federal Defenders
                                        Tel. (212) 417-8737 / (212) 417-8718

Cc.    Sarah McCallum, Esq., by Email
       Brooke Cucinella, Esq., by Email

---

[1] As discussed in our reply, Agent Burns is identified as an author of the subject 302, was the questioner during the interview, and is the case agent for the entire investigation. Agent Burns either reviewed the 302 and adopted its contents before affixing his name to the report, or he simply signed an official investigative summary without any consideration of its contents. Each cast doubt on his bias and credibility.