UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               - against -

SEAN STEWART,

                      Defendant.

1:15-cr-00287-JSR

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SEAN STEWART'S MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF CERTAIN EMAILS**

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

Steven M. Witzel
Lawrence Gerschwer
R. David Gallo
Leigh G. Rome
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

*Attorneys for Defendant Sean Stewart*

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gonzalez v. United States*,
  No. 12 Civ. 5226, 2013 WL 2350434 (S.D.N.Y. May 23, 2013) ............................................... 4

*United States v. Cass*,
  127 F.3d 1218 (10th Cir. 1997) ................................................................................................ 3

*United States v. Curley*,
  639 F.3d 50 (2d Cir. 2011) ....................................................................................................... 3

*United States v. Figueroa*,
  618 F.2d 934 (2d Cir. 1980) ................................................................................................. 2, 3

*United States v. Lee*,
  833 F.3d 56 (2d Cir. 2016) ....................................................................................................... 3

*United States v. Quattrone*,
  441 F.3d 153 (2d Cir. 2006) .................................................................................................. 3, 4

*United States v. Robinson*,
  544 F.2d 611 (2d Cir. 1976) ..................................................................................................... 2

**Rules**

Federal Rule of Evidence 403 ........................................................................................... 1, 2, 3, 4

Federal Rule of Evidence 608 .................................................................................................... 4

## BACKGROUND

At trial in 2016, during cross-examination of Defendant Sean Stewart, the government introduced a handful of emails, each involving communications between Sean and his brother, Ryan Stewart. Exs. A-D (the "Communications").[1] Each of the Communications is an email exchange from 2011 or 2012 between Sean and Ryan Stewart in which Sean asks Ryan to "cover" for him if Sean's now ex-wife inquires as to Sean's whereabouts on a particular evening.

The government introduced the Communications to support its stunningly tenuous argument that Sean was willing to ask family members generally to lie for him in "high stakes" situations, as well in as "low stakes" situations. Ex. E (Trial Transcript Excerpts) at 1349:4-1354:16. As its example of a "high stakes" situation, the government offered Robert Stewart's 2013 phone call with the SEC, in which Robert told the SEC that he and Sean did not discuss Sean's work. *Id.* at 1350:21-25. As its example of a "low stakes" situation, the government offered Sean's requests that Ryan corroborate Sean's cover story on nights when Sean was out late. *Id.* at 1351:4-1352:2. In its rebuttal summation, in asking the jury to find that Sean lied about his alleged involvement in Robert's insider trading scheme, the government reminded the jury that Sean "asked his brother to tell lies on his behalf to cover his tracks." Ex. E at 1541:23-1542:19.

Mr. Stewart respectfully requests that the Court preclude the government, pursuant to Federal Rule of Evidence 403, from introducing the Communications (or similar evidence) for the purpose of demonstrating that Sean Stewart asked his brother to lie for him.

---

[1] All exhibits cited herein are attached to the accompanying Declaration of Steven M. Witzel in Support of Defendant's Motion *in Limine* to Preclude Introduction of Certain Emails.

**ARGUMENT**

This Court may exclude evidence if its probative value "is substantially outweighed" by the danger of, among other things, "unfair prejudice." Fed. R. Evid. 403. Evidence is prejudicial for purposes of Rule 403 when it tends "to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). Rule 403 is a recognition of "[t]he deep tendency of human nature to punish, not because our [defendant] is guilty this time, but because he is a bad man and may as well be condemned . . . ." *United States v. Robinson*, 544 F.2d 611, 618 (2d Cir. 1976) (citing 1 J. Wigmore, *Evidence* § 57, at 456 (3d ed. 1940)). The danger of unfair prejudice here is acute.

As an initial matter, the Communications are irrelevant. The Communications strongly suggest that Mr. Stewart was attempting to hide information from his then-wife. But Mr. Stewart's marital problems have no probative value in this case. Mr. Stewart's decision to stay out late, not tell the truth to his wife, and enlist his brother to help cover his tracks says exactly nothing about whether Mr. Stewart intended for his father to trade on material non-public information.

Further, Sean's asking his brother to lie for him is a red herring in this case. If Sean were a member of the conspiracy with Robert, Robert would not need Sean to ask him to lie to the SEC—Robert would, naturally and without prompting from Sean, lie to the SEC for the benefit of himself and those involved in the conspiracy. If, as Sean vigorously contends, he was not a member of the insider trading conspiracy, then we would similarly expect Robert, for his own benefit, to lie to the SEC of his own accord, and tell the SEC that he and Sean never discussed Sean's work. That Sean asked Ryan to tell Sean's wife that Sean was in one place when he was in another does not make it more or less likely that Sean directed Robert's conversation with the

2

SEC.  *See United States v. Lee*, 833 F.3d 56, 73 (2d Cir. 2016) (affirming district court's decision, pursuant to Rule 403, to preclude questioning of witness "about an unrelated case in which the witness's testimony had been found […] to lack credibility").

While the Communications do nothing to assist the jury in making its determination, such evidence plainly will "excite emotions against the defendant." *Figueroa*, 618 F.2d at 943.  This risk is only exacerbated when, as here, the evidence relates, or could easily be interpreted as relating, to infidelity.  *See, e.g., United States v. Cass*, 127 F.3d 1218, 1225 (10th Cir. 1997) (finding that it was err to admit "testimony regarding [defendant's] extramarital affairs because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.").  Indeed, the government's attempt to shoehorn salacious evidence into an insider trading case was transparent.  It is not difficult to see how a jury could confuse the issues or just generally harbor negative feelings about Sean after reading the Communications, and thus, the Communications should be excluded.  *See United States v. Curley*, 639 F.3d 50, 61-62 (2d Cir. 2011) (reversing district court's decision to admit evidence that was "too attenuated" to the charged offense, "had little probative value regarding [defendant]'s intent" to commit the crime at issue, and which had the "primary effect [] to show [defendant]'s bad character and incite the jury").

Even if the Court were to find that the Communications have some scintilla of probative value, exclusion would still plainly be required, in light of the substantial risk of unfair prejudice. *See United States v. Quattrone*, 441 F.3d 153, 185 (2d Cir. 2006).  In *Quattrone*, the Second Circuit agreed with the district court that the government was entitled to impeach Quattrone's credibility.  *Id.* at 185.  The Second Circuit even agreed that that the emails used by the government to impeach Quattrone's credibility may have "significant probative value." *Id.*  The

3

Second Circuit nevertheless vacated the conviction and remanded for a new trial, in part because the government's "line of questioning went too far," creating the danger of confusing the jury with "acts [that] were not part of the charges brought against Quattrone." *Id.* at 187; *see also Gonzalez v. United States*, No. 12 Civ. 5226, 2013 WL 2350434, at *8 (S.D.N.Y. May 23, 2013) ("even if evidence is admissible under Rule 608, it may still be barred under Rule 403").  This case is not a referendum on Sean's marriage and the Communications must be excluded.

## CONCLUSION

For the foregoing reasons, Mr. Stewart respectfully requests that the Court preclude the government from seeking to introduce the Communications or similar evidence.

Dated:   New York, New York
         July 26, 2019

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By:      */s/ Steven M. Witzel*
         Steven M. Witzel

Steven M. Witzel
Lawrence Gerschwer
R. David Gallo
Leigh G. Rome
One New York Plaza
New York, New York 10004-1980
(212) 859-8000
steven.witzel@friedfrank.com

*Attorneys for Defendant Sean Stewart*

4