```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :     15-CR-287 (JSR)
          -v-                       :
                                    :     ORDER
SEAN STEWART,                       :
                                    :
          Defendant.                :
------------------------------------x
```



JED S. RAKOFF, U.S.D.J.

With respect to the admissibility of the so-called "silver platter" evidence, which the Court tentatively ruled inadmissible at this morning's court conference, see Transcript, Sept. 6, 2019, the Court, as requested by the Government, has now listened to the "enhanced" recording of the silver platter statement and surrounding statements, as well as reviewing again the relevant transcript and case law. While the Court's view is that the quality of the recording, even in the enhanced version, presents the jury with considerable difficulties in determining exactly what was said and in what context, the Court no longer finds the recording so incomprehensible as to be excluded on that ground alone.

Nevertheless, the Court adheres to its earlier view that the recording should be excluded in its entirety, for essentially the reasons stated from the bench at today's conference, see Transcript, Sept. 6, 2019.

First, for these reasons, the Court finds by a preponderance of the evidence that Robert Stewart's recounting of the silver platter statement to Richard Cunniffe was not in furtherance of the conspiracy between Robert and Sean Stewart.

Second, the Court is not persuaded that the statement was against Robert Stewart's penal interest for the purposes of Rule 804(b)(3). Even after listening to the enhanced recording, the conceded lack of discernibility of many portions of the recording detracts from the Government's burden of showing that this was clearly a statement against Robert's penal interest. Moreover, the tone of the statements does not exhibit any indication that Robert, in recounting Sean's words, regarded them as a statement against Robert's interest.

Most importantly, the content of the statement is not self-inculpatory. Even recognizing that "statements that are on their face neutral may actually be against the declarant's interest," Williamson v. United States, 512 U.S. 594, 603 (1994), Robert's statement that "Sean would always say . . . I handed you this on a silver platter and you didn't invest in this" is not self-inculpatory as far as Robert is concerned. If anything, this statement is a denial of wrongdoing by Robert in the particular circumstance. The Government's argument is ultimately not that the silver platter language is itself inculpatory to Robert, but that this language is part of a longer exchange between Robert and Richard Cunniffe in which Robert admits to insider trading in the stock of Kendle International, Inc. "[T]he most faithful reading of Rule 804(b)(3)," however, "is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." Williamson, 512 U.S. at 600-01. For these

reasons, the Court declines to admit the recording under the hearsay exception for statements against interest.

Accordingly, the defense's motion to preclude introduction of the silver platter recording is granted.

SO ORDERED

Dated:
 New York, NY
 September 6, 2019

_____
JED S. RAKOFF, U.S.D.J.