Ct. Ex 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
..............................................................................x
UNITED STATES OF AMERICA        :

        -v-                     :        S1 15-cr-287 (JSR)

SEAN STEWART,                   :

        Defendant.              :
..............................................................................x


## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

## TABLE OF CONTENTS

### I. GENERAL INSTRUCTIONS

1.   Duty of the Court

2.   Duty of the Jury

3.   Duty of Impartiality

4.   Presumption of Innocence and Burden of Proof

5.   Reasonable Doubt

6.   Direct and Circumstantial Evidence

7.   Witness Credibility

8.   A Defendant's Right to Not Testify

9.   Definitions: Knowingly, Intentionally/Willfully, Unlawfully

### II. THE CHARGE

10.   Summary of the Charges

11.   Counts Three through Eight: Securities Fraud

12.   Counts Three through Eight, First Element: Insider Trading Scheme

13.   Counts Three through Eight, Second Element: State of Mind

14.   Counts Three through Eight, Third Element: Instrumentality of Interstate Commerce

15.   Count Nine: Tender Offer Fraud

16.   Count One: Conspiracy to Commit Securities Fraud and/or Tender Offer Fraud

17.   Count One, First Element: Existence of the Conspiracy

18.   Count One, Second Element: Defendant's Participation in the Conspiracy

19.   Count One, Third Element: Overt Act

20.   Count Two: Conspiracy to Commit Wire Fraud

2

21.    Conscious Avoidance

22.    Defense Theory and Good Faith

23.    Venue

### III. CONCLUDING INSTRUCTIONS

24.    Selection of Foreperson; Right to See Exhibits and Hear Testimony;

       Communications with the Court

25.    Verdict; Need for Unanimity; Duty to Consult

3

## I. GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1

#### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

4

## INSTRUCTION NO. 2

### Duty of The Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

5

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

7

## INSTRUCTION NO. 4

### Presumption of Innocence and Burden of Proof

The defendant here, Sean Stewart, is charged with a number of federal crimes about which I will instruct you shortly. Please bear in mind, however, that the charges, or "counts" as they are called, are not themselves evidence of anything.

The defendant has pleaded not guilty. To prevail against the defendant on a given charge, the Government must prove each essential element of that charge beyond a reasonable doubt. If the Government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, a defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proven that the defendant is guilty of that charge beyond a reasonable doubt.

8

## INSTRUCTION NO. 5

### Reasonable Doubt

Since, to convict a defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible or imaginable doubt: Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against him, you must find that defendant not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, you should not hesitate to find that defendant guilty of that charge.

9

## INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

10

## INSTRUCTION NO. 7

### Witness Credibility

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

11

In this regard, you have heard testimony from Richard Cunniffe, who testified that he has pleaded guilty to activity related to the activity with which the defendant is charged and who has now entered into an agreement to cooperate with the Government. The law permits the use of testimony from cooperating witnesses; indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction if it convinces you of the defendant's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of a cooperating witness be scrutinized with particular care and caution. After carefully scrutinizing the testimony of a cooperating witness and taking account of its special features, you may give it as little or as much weight as you deem appropriate,

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

12

## INSTRUCTION NO. 8

### A Defendant's Right to Not Testify

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Accordingly, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

INSTRUCTION NO. 9

## Definitions: Knowingly, Intentionally/Willfully, Unlawfully

Before I instruct you on each of the counts specifically, I will define some terms and concepts that will come up repeatedly throughout these instructions.

One set of terms relates to a defendant's state of mind. Specifically, a defendant cannot be convicted of any crime unless, among other things, he acted "unlawfully," "knowingly," and "intentionally" (or, as it is sometimes put, "willfully").

"Unlawfully," obviously, means contrary to law. But in terms of its application to a defendant's state of mind, the Government is not required to show that that defendant knew that he was breaking any particular law. The Government must prove, however, that that defendant was aware of the generally unlawful nature of his acts.

"Knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence.

"Intentionally" and "Willfully" mean to act deliberately and with a bad purpose, rather than innocently.

14

## II. THE CHARGE

## INSTRUCTION NO. 10

## Summary of the Charges

With these preliminary instructions in mind, let us turn to the specific charges against the defendant, Sean Stewart. These charges were originally set forth in what is called an indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you. The indictment in this case contains a total of nine counts, and each count charges a different crime. I will, for convenience, refer to each charge or count by its number as it appears in the indictment.

Count One of the indictment charges that the defendant conspired — that is, agreed with at least one other person, in this case his father — to commit securities fraud and/or to commit what is called tender offer fraud, about which I will instruct you later. Count Two charges Mr. Stewart with conspiring with his father to commit what is called wire fraud, about which I will also instruct you later. Counts Three through Eight charge the defendant with the actual commission of securities fraud, in the form of insider trading; these are sometimes called "substantive counts." Finally, Count Nine charges the defendant with committing securities fraud in connection with a tender offer; this is also referred to as "tender offer fraud," and is also a substantive count.

The order of the counts is irrelevant; indeed, I will use a different order in instructing you as to the elements of each charge. At the outset, however, let me instruct you that before the defendant can be convicted of any of these charges, the Government must prove every essential element of that charge beyond a reasonable doubt. In your deliberations and in reaching your

verdict, you must consider each count separately and determine whether the Government has carried its burden of proof with respect to each element of that particular charge.

INSTRUCTION NO. 11

Counts Three through Eight: Securities Fraud

Let us turn first to the six securities fraud charges, which are listed in the indictment as Counts Three, Four, Five, Six, Seven, and Eight, but which are more convenient to consider first. These counts charge that Sean Stewart engaged in unlawful insider trading by providing his father, Robert Stewart, with material, non-public information in the expectation that his father would use that information to buy or sell securities and/or would induce someone else to use such information to buy or sell securities, and that Robert Stewart and/or his acquaintances Richard Cunniffe and Mark Boccia, then in fact did use this information to purchase securities. ("Securities," incidentally, include, among other things, common stock and call options.)

Specifically, <u>Count Three</u> charges defendant Sean Stewart with unlawfully disclosing material, non-public information about Kendle International, Inc. to his father, which information the defendant's father then used to purchase 2,775 shares of Kendle stock at one or more times between February 7, 2011 and March 4, 2011.

<u>Count Four</u> charges the defendant with unlawfully disclosing material, non-public information about Kinetic Concepts Incorporated (or "KCI") to his father, which information the defendant's father then used to purchase 700 shares of KCI stock at one or more times between May 5 and May 6, 2011.

<u>Count Five</u> also charges the defendant with unlawfully disclosing material, non-public information about KCI to his father, which information the defendant's father then used to induce Richard Cunniffe to purchase 365 KCI call options at one or more times between April 21 and June 23, 2011.

Count Six charges the defendant with unlawfully disclosing material, non-public information about Gen-Probe Inc. to his father, which information the defendant's father then used to induce Mr. Cunniffe to purchase 320 Gen-Probe call options at one or more times between April 18, 2012 and April 27, 2012.

Count Seven charges the defendant with unlawfully disclosing material, non-public information about Lincare Holdings, Inc. to his father, which information the defendant's father then used to induce Mr. Cunniffe to purchase 375 Lincare call options at one or more times between May 29 and June 28, 2012.

Count Eight charges the defendant with unlawfully disclosing material, non-public information about CareFusion Corp. to his father, which information the defendant's father then used to induce Mr. Cunniffe to purchase 630 CareFusion call options at one or more times between August 19, 2014 and October 2, 2014.

The Government, in order to convict the defendant on any one of these counts, must prove each of the following three elements beyond a reasonable doubt:

*First*, that on or about the dates alleged, Mr. Stewart engaged in an "insider trading" scheme, in which, for his personal benefit, he took material confidential information that he had received from his employer pursuant to a duty to keep it secret and disclosed it to his father, with the expectation that that his father would purchase or sell securities based on that information;

*Second*, that when he engaged in this scheme, Sean Stewart acted unlawfully, knowingly, intentionally, and with a specific intent to defraud his employer; and

*Third*, that in furtherance of the scheme, there occurred at least one use of any means or instrument of transportation or communication in interstate commerce, or the use of the mails, or the use of any facility of any national securities exchange.

I will say a few words about each of these elements as applied to the specific charges in Counts Three through Eight. However, please note that while the indictment refers to various specific dates and amounts of stock, the law only requires a substantial similarity between the dates and amounts alleged in the indictment and those established by the evidence.

## INSTRUCTION NO. 12

### Counts Three through Eight, First Element: Insider Trading Scheme

As to the first element, the indictment alleges that Sean Stewart, as an employee at J.P. Morgan and later at Perella Weinberg, had a duty not to disclose non-public information about the company's clients to anyone outside the company unless authorized to do so. This non-public or "confidential" information is called "inside information." Such inside information is "material" if a reasonable investor would consider it important in deciding whether to buy or sell securities.

Therefore, in order to establish the first element of Counts Three, Four, Five, Six, Seven, and Eight, the Government must prove beyond a reasonable doubt that, on or about the dates specified in the given count you are considering, the defendant, in breach of a duty to J.P. Morgan or Perella Weinberg to keep information concerning the applicable company's clients confidential, misappropriated that information and, for his own personal benefit, disclosed it to his father, Robert Stewart, in anticipation of Robert using such information to buy or sell securities (with respect to Counts Three and Four), or of Robert inducing someone else to use such information to buy or sell securities (with respect to Counts Five, Six, Seven, and Eight).

As to the requirement that the defendant must have received a "personal benefit" from disclosing material non-public information to his father, it is not necessary that Sean Stewart received money, and the Government does not claim that he did. Rather, it is sufficient that he disclosed the information to his father because of their close personal relationship, in effect, as a kind of gift.

20

## INSTRUCTION NO. 13

### Counts Three through Eight, Second Element: State of Mind

As to the second element, the Government must prove beyond a reasonable doubt that the defendant undertook this insider trading scheme unlawfully, knowingly and intentionally, as I have already defined those terms to you, and, in addition, that he did so with a specific intent to defraud his employer (either J.P. Morgan or Perella Weinberg, as applicable), by misappropriating to his own use information he knew the company required him to keep confidential.

21

## INSTRUCTION NO. 14

### Counts Three through Eight, Third Element: Instrumentality of Interstate Commerce

As to the third element, the Government must prove beyond a reasonable doubt that, as to the count you are considering, furtherance of the scheme involved at least one use of an instrumentality of interstate commerce (such as an interstate telephone call), or a use of the mails (interstate or intrastate), or a use of a facility of a national securities exchange, such as a stock trade made on the New York Stock Exchange. The defendant himself does not have to have made the interstate call, or sent the mailing, or made the trade on the stock exchange; anyone can do it as long as it furthers the insider trading scheme in any respect.

22

INSTRUCTION NO. 15

Count Nine: Tender Offer Fraud

There is one other substantive count, which is Count Nine, which charges the defendant with tender offer fraud. This count relates to the acquisition of Lincare by Linde AG, which took the form of a tender offer. Specifically, the Government alleges that Sean Stewart provided Robert Stewart with material, non-public information about Lincare, which was the subject of a tender offer, and that Robert Stewart in turn communicated such information to Richard Cunniffe, who purchased 375 Lincare call options from on or about May 29, 2012 to on or about June 28, 2012. To convict on this count, the Government must prove each of the following four elements beyond a reasonable doubt:

*First*, that Sean Stewart communicated to his father material, nonpublic information relating to the Lincare tender offer, which information Sean Stewart knew had been acquired directly or indirectly from Linde or Lincare, or any officer, director, partner, or employee, or any other person acting on behalf of Linde or Lincare. Note that the Government does not have to prove that Sean Stewart knew that the material, nonpublic information he was communicating related to a tender offer specifically.

*Second*, that Sean Stewart made this communication at a time when Linde had taken substantial steps to commence the tender offer. A substantial step to commence a tender offer may include the formulation of a plan or proposal to make a tender offer by Linde or people working on its behalf. It may also include activities which substantially facilitate the tender offer such as: hiring an investment bank, hiring lawyers, arranging financing for the tender offer, or preparing or directing or authorizing the preparation of tender offer materials.

*Third*, that at the time of this communication, it was reasonably foreseeable to the defendant that the communication would likely induce his father to purchase or sell Lincare securities, or to induce another person do so.

And *fourth*, that the defendant acted willfully. As I have already explained, to act willfully means to act deliberately and with a bad purpose, rather than innocently. In addition, for the defendant to have committed tender offer fraud, he must have known of the fraudulent nature of the scheme and acted with the conscious objective that it succeed. Please note, however, that for this count, the Government does not have to prove that the defendant acted in breach of any duty of trust or confidence, or that he acted for his personal benefit.

24

## INSTRUCTION NO. 16

### Count One: Conspiracy to Commit Securities Fraud and/or Tender Offer Fraud

The remaining counts, Counts One and Two, are both conspiracy counts. Specifically,

Count One charges Mr. Stewart with conspiring, that is, agreeing with one or more other

persons, to commit securities fraud and/or tender offer fraud through insider trading. In order for

a defendant to be guilty of such conspiracy, the Government must prove beyond a reasonable

doubt each of the following three elements:

*First*, the existence of the charged conspiracy;

*Second*, that the defendant intentionally joined and participated in this conspiracy

during the applicable time period; and

*Third*, that at least one of the co-conspirators committed an overt act in furtherance of the

conspiracy.

25

INSTRUCTION NO. 17

## Count One, First Element: Existence of the Conspiracy

Starting with the first element, what is a conspiracy? A conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes, known as the "objects" of the conspiracy.

In Count One, the conspiracy is alleged to be an agreement between Sean Stewart and his father to commit any one or more of the securities frauds alleged in Counts Three through Eight and/or the tender offer fraud alleged in Count Nine, that is, to commit insider trading in the securities of Kendle, KCI, Gen-Probe, Lincare, and/or CareFusion. It is not necessary for the Government to prove that the conspiracy embraced insider trading in all these securities; an agreement to commit insider trading with respect to even one of these securities will suffice. However, you must be unanimous as to which securities were the subject of such a conspiracy.

Thus, with respect to the first element of the conspiracy charge, you must determine whether the Government has proven, beyond a reasonable doubt, that a conspiracy to commit securities fraud and/or tender offer fraud existed. I have previously described to you the elements of substantive securities fraud and tender offer fraud, and these apply here in specifying the elements of the object of the conspiracy that the conspirators are alleged to have agreed to. But please bear in mind that conspiracy is an entirely distinct and separate offense from the fraud itself. The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy. Rather, the conspirators must simply have agreed to commit securities fraud and/or tender offer fraud.

The indictment alleges that the conspiracy charged in Count One lasted from at least in or about February 2011 through at least in or about April 2015. However, it is not essential that the

26

Government prove  that the conspiracy started and ended on those specific dates or that it existed throughout that  period. Rather, it is sufficient if you find that in fact a conspiracy was formed and that it existed  for any time within the charged period.

INSTRUCTION NO. 18

Count One, Second Element: Defendant's Participation in the Conspiracy

Turning to the second element of a conspiracy charge, if you conclude that the Government has proven beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether the Government has proven beyond a reasonable doubt that Sean Stewart intentionally joined and participated in the conspiracy. To prove this element, the Government must prove beyond a reasonable doubt that the defendant entered into the insider trading conspiracy and did so unlawfully, knowingly, intentionally, and with a specific intent to defraud, as I have previously described those terms to you.

Please note that it is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of participation on his part. Nor does the defendant need to know the full extent of the conspiracy or all its participants. Indeed, it is not necessary that the defendant know more than one other member of the conspiracy. Nor is it necessary that the defendant actually receive any monetary or other benefit from participating in the conspiracy, but only that the conspiracy contemplated that he would receive a personal benefit. In short, all that is necessary is proof beyond a reasonable doubt that a defendant unlawfully, knowingly and intentionally, and with an intent to defraud, joined in the conspiracy for the purpose of furthering its unlawful object.

The law does not require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy if it meets the essential requirements I have described. The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will

still be held responsible for all that was done before he joined as well as all that was done during the conspiracy's existence while the defendant was a member.

However, I want to caution you that the mere association by one person with another person or group of persons does not make that first person a member of the conspiracy, even when coupled with knowledge that the second person (or group of persons) is taking part in a conspiracy. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of its unlawful purpose.

In short, in order to satisfy the second essential element of the charged offense, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the charged conspiracy, unlawfully, knowingly, intentionally, and with an intent to defraud, joined and participated in the conspiracy for the purpose of furthering its unlawful object.

29

## INSTRUCTION NO. 19

### Count One, Third Element:  Overt Act

In addition to the other two elements, the Government must also prove beyond a reasonable doubt that at least one of the co-conspirators took at least one overt act in furtherance of the conspiracy charged in the given count you are considering. An overt act in furtherance of the conspiracy can be any act of any kind taken toward effectuating the conspiracy in any respect. Thus, for example, if two persons conspire to commit a fraud and one of them makes a telephone call to get the fraud going, the overt act requirement is met even if the fraud is never otherwise carried out.

30

INSTRUCTION NO. 20

Count Two: Conspiracy to Commit Wire Fraud

The final count to address is Count Two, which charges the defendant with conspiring with others to commit wire fraud. For this count, the Government must prove beyond a reasonable doubt two elements:

*First*, that the charged conspiracy existed; and

*Second*, that the defendant unlawfully, knowingly, and intentionally joined and participated in this conspiracy during the applicable time period.

As you will recognize, these are basically the same as the first two elements about which I instructed you with respect to Count One. My prior instructions about the elements of Count One apply equally here. However, in contrast to Count One, here the Government does not have to prove that any overt act was taken in furtherance of the conspiracy. That is, there is no third element.

The other difference between this count and Count One is the object of the conspiracy. Here, the object is alleged to be wire fraud, specifically, a scheme by the defendant and his father to defraud one or more of the companies at issue of valuable confidential information and convert it to their own use.

To prove this count, the Government must establish beyond a reasonable doubt that Sean Stewart and Robert Stewart (1) agreed to defraud J.P. Morgan and/or Perella Weinberg of confidential information in order to make personal use of the information; (2) did so unlawfully, knowingly, willfully, and with specific intent to defraud J.P. Morgan and/or Perella Weinberg;

31

and (3) that in the execution of the scheme, at least one use was made of interstate wire communications, such as interstate phone calls, email communications, or electronic trades.

You will see that this alleged conspiracy is similar to the conspiracy alleged in Count One — and the same instructions apply — except that here it is not necessary for the Government to prove that the conspirators intended to trade in the securities market on the basis of the misappropriated information, but only that they intended to misappropriate the information from one or both of the defendant's employers for their personal use.

32

INSTRUCTION NO. 21

Conscious Avoidance

As I have explained, all the counts charged require the Government to prove, among other things, that the defendant acted knowingly. The Government may establish the defendant's knowledge of a particular fact of consequence in two ways: either through proof of actual knowledge or by proof that a defendant took deliberate steps to avoid learning what otherwise would have been obvious. The latter kind of knowledge cannot be established by showing that the defendant was careless, negligent, or foolish; rather, it requires a conscious purpose to avoid learning the truth. For example, if you find that the defendant was aware of a high probability that his father would, directly or indirectly, trade in securities based on the information that the defendant shared with him, but the defendant purposely avoided learning the truth of that fact, then you may find that the defendant had knowledge of that material fact. In other words, a defendant cannot avoid criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in criminal conduct. However, I caution you that this conscious avoidance doctrine as I have explained it is only applicable to the question of Mr. Stewart's knowledge. It is not applicable to the separate questions of whether Mr. Stewart acted willfully and with the deliberate intent to commit the charged offenses. You may not apply the doctrine of conscious avoidance to decide whether Mr. Stewart formed the intent to commit the charged offenses.

## INSTRUCTION NO. 22

### Defense Theory and Good Faith

The defendant, Sean Stewart, acknowledges that, on a number of occasions, he violated the internal policies of J.P. Morgan and Perella Weinberg by sharing with his father work information that he was supposed to keep confidential. Sean Stewart contends, however, that he did not provide this client information to his father, Robert Stewart, in anticipation that his father would use the information to purchase securities or that his father would share the information with one or more other persons who might purchase securities. Sean Stewart also contends that he had no knowledge that Robert Stewart and others engaged in a conspiracy to commit insider trading, wire fraud, or tender offer fraud.

More generally, Sean Stewart contends, with respect to each and all of the counts we have discussed, that he was not acting unlawfully, knowingly, intentionally, or with a specific intent to defraud. Please note that, if the defendant honestly believed in good faith that the confidential information he was disclosing to his father would not be used to buy or sell securities, such good faith would be a complete defense to all nine counts. However, the defendant does not bear the burden of proving good faith; it remains at all times the Government's burden to prove beyond a reasonable doubt that the defendant acted unlawfully, knowingly, intentionally, and with the specific intent to defraud his employer.

34

## INSTRUCTION NO. 23

## Venue

One last requirement. Before a defendant can be convicted of any given charge, the Government must also establish what is called "venue," that is, that some act in furtherance of that charge occurred in the Southern District of New York. As noted, the Southern District of New York is the judicial district that includes Manhattan, the Bronx, Westchester, and several other counties not here relevant. Venue is proven if any act in furtherance of the crime you are considering occurred in the Southern District of New York, regardless of whether it was the act of the charged defendant or anyone else. Furthermore, on the issue of venue — and on this issue alone — the Government can meet its burden by a preponderance of the evidence, that is, by showing that it was more likely than not that an act in furtherance of a given crime occurred in the Southern District of New York.

## III. CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 24

#### Selection of Foreperson; Right to See Exhibits and Hear Testimony;

#### Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room all the exhibits that were admitted into evidence. If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 25

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden, you should find the defendant guilty of that charge. Otherwise, you must find the defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.

37